**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA                                         CRIMINAL ACTION

VERSUS                                                                          15-61-SDD-SCR

CODY MACK

### RULING

Before the Court is the United States' *Motion for Reconsideration*[1] of an evidentiary *Ruling*.[2] The Motion is opposed.[3] For the following reasons, the Motion is denied.

**I.   HISTORY AND PROCEDURAL BACKGROUND**

The Defendant is charged with possession with intent to distribute Schedule I and II controlled substances.[4] The Defendant moved to suppress, *inter alia*, evidence seized by police in a warrantless search of the Defendant's hotel room. The Court granted the Defendant's *Motion to Suppress* in part, suppressing evidence seized from the warrantless search of the Defendant's hotel room.[5] The United States moves for reconsideration of this evidentiary *Ruling* arguing that the Court was manifestly erroneous in failing to apply the inevitable discovery doctrine.

**II.   MOTION FOR RECONSIDERATION**

A motion for reconsideration is a judicially created remedy. It is not a device to be used to raise arguments that could and should have been urged earlier or to rehash

---

[1] Rec. Doc. 41.
[2] Rec. Doc. 30.
[3] Rec. Doc. 43.
[4] Rec. Doc. 1.
[5] Rec. Doc. 30.

30021

arguments already made and previously rejected.[6]  The Court conducted an evidentiary hearing on the Defendant's *Motion to Suppress*.[7]  Following the hearing, the Court invited the Parties to submit post-hearing briefs.  The United States requested a transcript of the hearing.[8]  The United States received the transcript of the hearing approximately two weeks prior to the deadline for the submittal of post-hearing briefs.  The Defendant timely filed a post-hearing brief.[9]  The United States notified the Court that it was not filing any post-hearing memoranda.  The United States could have, and indeed should have, advanced the inevitable discovery doctrine at the suppression hearing, in oral arguments held immediately following the suppression hearing, or in post-hearing briefs which the Government chose not to file.  Under these circumstances, the United States' eleventh-hour motion for reconsideration is too little, too late.

"Under the Fourth Amendment, a search and seizure conducted without a warrant issued on probable cause is *per se* unreasonable with few exceptions to this rule."[10]  Thus, as a warrantless search, once challenged, the Government had the burden of proving the constitutional reasonableness of the search.  A search conducted pursuant to probable cause and exigent circumstances is one exception to the Fourth Amendment's warrant requirement.[11]  The Government did not advance this exception to the Constitution's warrant requirement, presumably because there were no exigent circumstances in this case.

---

[6] *See United States v. Banks.*
[7] Rec. Doc. 18.
[8] Rec. Doc. 27.
[9] Rec. Doc. 29.
[10] *U.S. v. Morales*, 171 F.3d 978, 981 (5th Cir.1999), citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967*).*
[11] *Steagald v. United States,* 451 U.S. 204, 211, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *United States v. Rico*, 51 F.3d 495, 500-01 (5th Cir.1995); *U.S. v. Morales*, 171 F.3d 978, 981 (5th Cir. 1999).

A search conducted pursuant to consent is another exception to the Fourth Amendment's warrant requirement.[12]  Again, once challenged, to avoid exclusion of the evidence garnered from the warrantless search, the Government bears the burden of proving that consent was freely and voluntarily given.[13]

The inevitable discovery doctrine, somewhat akin to the independent source doctrine, is an exception to the exclusionary rule.  Through these doctrinal exceptions, "otherwise suppressible evidence will still be admitted if the connection between the alleged illegality and the acquisition of the evidence is 'so attenuated as to dissipate the taint.'"[14]

The Defendant's alleged consent to search was hotly contested at the suppression hearing.  The United States was well aware that the Defendant disputed the voluntariness of verbal consent given only after having been tazed twice, forced to the ground, and handcuffed. The officers admitted on cross examination that they did not obtain written consent to search from the Defendant, despite having consent to search forms readily available in the police units that were on the scene. In short, the Government was well aware, and vigorously defended, the allegations that the Defendant did not freely and voluntarily consent to a search of his hotel room. It was incumbent upon the Government to raise the inevitable discovery doctrine to avoid exclusion. It bears repeating that exclusion of evidence seized without a warrant is the rule. If the Government wished to rely upon or advance an exception to the constitutional warrant requirement, the time to

---

[12] *United States v. Jenkins,* 46 F.3d 447, 451 (5th Cir.1995) (citing, *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)).
[13] *United States v. Tompkins*, 130 F.3d 117, 121 (5th Cir.1997); *U.S. v. Morales,* 171 at 982.
[14] *U.S. v. Guyton*, 2013 WL 231973, at * 3 (E.D. La. Jan. 22, 2013)(citing *U.S. v. Grosenheider*, 200 F. 3d 321, 327 (5th Cir. 2000)(quoting *Nardone v. United States*, 308 U.S. 338, 341 (1939)).

30021

do so was at the suppression hearing or in the post-hearing brief that the Government chose not to file, not on a motion for reconsideration. The Government has failed to provide any explanation for why this exception was not argued at the suppression hearing or in post-hearing briefs allowed by the Court.  The Motion is accordingly denied.

### III.     CONCLUSION

For the reasons set forth above, the Government's *Motion for Reconsideration*[15] is DENIED.

Signed in Baton Rouge, Louisiana, on <u>January 6, 2016</u>.

                          */s/ Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. 41.

30021