## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                      15-61-SDD-SCR

CODY MACK

## RULING

On January 20, 2016, the Defendant went to trial on Count One of an Indictment charging him with possession with intent to distribute heroin and methamphetamine, in violation of 21 U.S.C. § 841(a)(1). At the close of the Government's case, the Defendant moved for a Rule 29(a) Judgment of Acquittal. The Court heard arguments from counsel and assigned oral reasons for denying the motion. The Defendant rested his case without putting on any evidence, as was his right. Following a two-day jury trial, the jury returned a verdict of guilty on this charge.[1]

The Defendant now moves for Judgment of Acquittal under Rule 29(c) of the Federal Rules of Criminal Procedure, arguing in a (less than) two-page memorandum that the jury's verdict is legally wrong for the following reasons: (1) there were significant inconsistencies in the testimony of the officers in this case; (2) the officers gave no legitimate reason for not providing the "pole cam video" allegedly depicting Defendant committing certain drug offenses; and (3) at most, the evidence presented by the

---

[1] Rec. Doc. No. 62.
30859

Government supported only a verdict of simple possession of controlled substances rather than possession with the intent to distribute.[2]  These are essentially the same arguments presented to the Court and argued at trial before the case was submitted to the jury.  The Government opposes the Defendant's motion by outlining the evidence presented at trial and explaining why such evidence fully supports the jury's verdict in this case.[3]

## **LAW & ANALYSIS**

A motion for judgment of acquittal challenges "the sufficiency of the evidence to convict."[4]  Rule 29(c) of the Federal Rules of Criminal Procedure provides that a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.  As the Supreme Court stated in *Jackson v. Virginia*,[5] "[t]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[6]  The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence."[7]  "[I]f the fact finder was presented with sufficient evidence to support the verdict reached, that verdict must be upheld."[8]

In viewing the evidence in the light most favorable to the prosecution, the court

---

[2] Rec. Doc. No. 58-1.
[3] Rec. Doc. No. 66.
[4] *United States v. Allen*, 2015 WL 1638039, at *1-2 (E.D. La. April 13, 2015), quoting *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007)(quoting *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir.2005))(internal quotation marks omitted).
[5] 443 U.S. 307, 319 (1979).
[6] *Allen*, 2015 WL 1638039 at *1, quoting *Jackson*, 443 U.S. at 319; *See also United States v. Hope*, 487 F.3d at 227–28.
[7] *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir.1995) (citation omitted).
[8] *Lucio*, 428 F.3d at 522.

30859

must "consider the countervailing evidence as well as the evidence that supports the verdict in assessing sufficiency of the evidence."[9] The court must also draw upon "reasonable inferences from the evidence to support the verdict."[10] Though the court may not weigh the evidence or assess the credibility of witnesses, "[a] verdict may not rest on mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference."[11]

Nevertheless, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."[12] "Circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof."[13] "But the evidence presented must allow the jury to find every element of the offense beyond a reasonable doubt."[14]

In this case, the Court finds no reason to set aside the jury's guilty verdict. As there is no new evidence or argument before the Court since the Rule 29(a) motion was argued during trial, the Court adopts by reference in this opinion the oral reasons

---

[9] *Allen* at *2, quoting *United States v. Moreland*, 665 F .3d 137, 149 (5th Cir. 2011)(quoting *United States v. Brown*, 186 F .3d 661, 664 (5th Cir.1999)); *see United States v. Peterson*, 244 F.3d 385, 389 (5th Cir.2001) ("All evidence is considered, not just that supporting the verdict, but the evidence need not conclusively disprove alternatives; the jury is free to choose among reasonable constructions of the evidence.").
[10] *Id.*, quoting *United States v. Percel,* 553 F.3d 903, 910 (5th Cir. 2008) (quoting *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir.2007)).
[11] *Id.*, quoting *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011) (quoting *United States v. Rojas Alvarez*, 451 F.3d 320, 333–34 (5th Cir. 2006)).
[12] *Id.*, quoting *United States v. Mendoza*, 522 F.3d 482, 488 (5th Cir. 2008) (internal quotation and citation omitted).
[13] *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012).
[14] *United States v. Uvalle–Patricio*, 478 F.3d 699, 701 (5th Cir. 2007) (internal quotation and citation omitted).
30859

previously assigned in its denial of the Rule 29(a) motion.  The Court finds that there was sufficient evidence at trial showing that the arresting officers were provided with tips from confidential informants and their own months-long investigation to identify the Defendant and make the arrest.  The evidence also showed that, upon arrest, a clear plastic bag containing four individually wrapped plastic baggies of methamphetamine and seven individually wrapped plastic baggies of heroin was removed from the Defendant's buttocks.  A hotel key card and $748 cash was also retrieved from the Defendant's pockets.  Special Agent Joshuah Badasch, who was accepted without objection from the Defendant as an expert in the field of drug trafficking and narcotics investigations, testified that, based on his training and experience, the drugs and money found on the Defendant's person at the time of his arrest was more consistent with him being a dealer than possessing such items for personal use.

Accordingly, the Court finds that the jury's verdict is legally sufficient.  The jury heard and saw all of the evidence presented.  Further, the jury was clearly instructed on how to consider the credibility of witnesses and weigh the evidence in this case.  As the Court must resolve all inferences in the light most favorable to the Government, the Defendant's *Motion for Judgment of Acquittal*[15] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 24, 2016</u>.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[15] Rec. Doc. No. 58.
30859